IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | PATENT CASE |
| TICKETLEAP, INC., | § § § | |
| Defendant. | § § § | |

## ORIGINAL COMPLAINT

Pursuant to F.R.C.P. 15(a)(1)(B), Plaintiff Scanning Technologies Innovations, LLC ("Plaintiff" or "STI") files this Original Complaint against TicketLeap, Inc. ("Defendant" or "TicketLeap") for infringement of United States Patent No. 10,600,101 (hereinafter "the '101 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company having an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Delaware corporation having a place of business at 10675 Perry Hwy, #1316, Wexford, PA 15090.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Venue is proper in this District 28 U.S.C. §1400(b) because Defendant is deemed to reside in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 10,600,101)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '101 Patent with sole rights to enforce the '101 Patent and sue infringers.

11. A copy of the '101 Patent, titled "Systems and Methods for Indicating the Existence of Accessible Information Pertaining to Articles of Commerce," is attached hereto as Exhibit A.

12. The '101 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. The '101 Patent describes systems and methods for downloading a look-up table from a server database to a mobile device via a communication network. '101 Patent, Abstract. The look-up table is configured to store a plurality of code numbers associated with articles of

commerce and a plurality of information link indicators. *Id*. Each indicator is associated with a respective code and article of commerce, and indicates the existence of a link to information about the article of commerce. *Id*.

14. The '101 Patent recognizes problems associated with prior systems including that the mobile devices of prior systems take time to connect to the Internet in order to access product information. '101 Patent, 1:59-67. Also, prior systems don't readily indicate whether there is a link to additional information about the product. *Id*.

15. Thus, the '101 Patent recognized a need to allow a consumer to readily determine whether product information is available for a product having an associated product code. '101 Patent, 2: 3:11. A further need existed for a mobile device to allow a consumer offline access to immediately determine whether the product information was available. *Id*.

16. In certain embodiments, the '101 Patent includes a mobile device that is configured to download a look-up table from a server and store the look-up table in a local database. '101 Patent, 2:35-48. In response to receiving scan information regarding a product code, a processing device on the mobile device is configured to look up the code in the look-up table to determine whether or not a link to information about the associated product is available. *Id*.

17. The '101 Patent solves problems with the art that are rooted in computer technology and that are associated with inventory management and the retrieval of information associated with articles of commerce. The '101 Patent claims do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

18. The improvements of the '101 Patent and the features recited in the claims in the

'101 Patent provide improvements to conventional hardware and software systems and methods. The improvements render the claimed invention of the '101 Patent non-generic in view of conventional components.

19. The improvements of the '101 Patent and the features recitations in the claims of the '101 Patent are not those that would be well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.

20. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '101 Patent by making, using, importing, selling, and/or offering for sale an event ticket management system covered by one or more claims of the '101 Patent. Defendant has infringed and continues to infringe the '101 Patent directly in violation of 35 U.S.C. § 271.

21. Defendant sells, offers to sell, and/or uses an inventory system including, without limitation, the TicketLeap online event management system, any associated apps, hardware and/or software, and any similar products (collectively, "Product"), which infringe at least Claim 1 of the '101 Patent.

22. The Product provides an application for scanning QR codes to obtain a decoded link, which contains information about an article of commerce. Among other things, the Product provides an event ticket management solution in which a ticket can be scanned (e.g., by way of a QR code present on the ticket) to obtain a decoded link, which contains information about an article of commerce (e.g., to display information related to a ticket when the code is scanned). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



23. The Product includes a mobile device comprising a portable handheld housing and a communication interface configured to enable the mobile device to communicate with a

communication network. For example, the Product incorporates a handheld device (e.g., mobile device with Product software) and a communication interface (i.e., cloud-based communication interface and/or Internet) configured to enable the handheld device to communicate with a communication network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://play.google.com/store/apps/details?id=com.ticketleap.android.checkinapp&hl&gl=US

For event organizers, install the Ticketleap app to:

- Check-in event goers at the event either by scanning their QR code (barcode tickets), or by name lookup.
- Sell tickets at the event (note: the selling function is only available on iOS devices running iOS 11 and newer, not Android)

Source: https://help.ticketleap.com/hc/en-us/articles/215258758--Introduction-to-the-Ticketleap-mobile-app

> **What is TicketLeap?**
>
> Ticketing and event registration platform that enables organizers to manage and track sales data, concessions, website and promotions.
>
> **Best For**
>
> <u>Cloud-based ticketing and event management platform that enables organizers to manage and track sales data, redemption information, and event promotion using in-built social media sharing tools.</u>

Source: https://www.capterra.com/p/14204/TicketLeap/

      24.      The Product uses a signal processing device and a visual input device, the visual input device affixed within the portable handheld housing.  For example, a visual input device (e.g., camera for scanning barcode) and signal processing device (i.e., processor of handheld device) are affixed within the portable handheld housing (e.g., the housing of the mobile device). The mobile device camera is used to scan a code and, via the Product's server, obtain details related to a particular product (e.g., details about the ticket and event associated with the ticket). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://play.google.com/store/apps/details?id=com.ticketleap.android.checkinapp&hl&gl=US

The camera on your iPhone/iPod will activate so you can scan the QR code from the printed or electronic ticket. You can also enter the patron's name, email address or confirmation code in the search section if they forgot their ticket. The two following screen shots detail when a ticket is valid (not previously scanned) and invalid (a previously scanned ticket).

Source: https://help.ticketleap.com/hc/en-us/articles/215922527-How-do-I-check-in-patrons-with-a-mobile-device-

25.    The Product comprises digital files associated with the mobile device. For example, the Product application has digital files (e.g., code image files, logos, and digital product information) associated with the mobile device. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

 

Source: https://play.google.com/store/apps/details?id=com.ticketleap.android.checkinapp&hl&gl=US

26. The Product also includes a server in communication with the communication network, the server comprising a server database configured to store a look-up table that includes at least a plurality of bar codes associated with a plurality of articles of commerce. For example, the Product app communicates with a server through the communication network. The server has a look-up table (i.e., database for storing ticket details). Also, the server database contains codes, each having associated information about the guest list. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://play.google.com/store/apps/details?id=com.ticketleap.android.checkinapp&hl&gl=US



Source: https://www.ticketleap.com/?rc=ORG-google-/

      27.     The look-up table also stores a plurality of information link indicators, each information link indicator associated with a respective bar code and article of commerce.  For example, the look-up table (i.e., remote database accessed by the Product app/software) also stores a plurality of information link indicators (e.g., link indicating scanned product and/or validation of scanned code details associated with the product, such as details associated with the ticket and/or the event associated with the ticket) indicating information associated with a respective code.  Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://www.ticketleap.com/?rc=ORG-google-/



Source: https://play.google.com/store/apps/details?id=com.ticketleap.android.checkinapp&hl&gl=US

> **What is TicketLeap?**
>
> Ticketing and event registration platform that enables organizers to manage and track sales data, concessions, website and promotions.
>
> **Best For**
>
> <u>Cloud-based ticketing and event management platform that enables organizers to manage and track sales data, redemption information, and event promotion using in-built social media sharing tools.</u>

Source: https://www.capterra.com/p/14204/TicketLeap/

28. Each information link indicator is configured as a status signal indicating the existence or absence of a link to information pertaining to a respective article of commerce, the link being made to the information via the communication network. For example, each information link which is obtained by scanning a code indicates a status signal indicating the existence or absence of a link to information about a respective article of commerce (e.g., link indicating validation of scanned QR code ticket and details associated with ticket). The information associated with the link is retrieved through the communication network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

29. The visual input device is configured to scan an image of an article of commerce, decode the image to obtain a code and forward data from the scanned image to the signal processing device. For example, the visual input device (i.e., handheld device camera) is configured to scan an image of a code associated with an article of commerce. After scanning the code, the code is decoded using Product software, which may be located on the mobile device, to retrieve information about the product. The information is forwarded to the signal

processing device (i.e., processor of mobile device). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

30. In response to receiving the bar code, the signal processing device (i.e., mobile device) is configured to look up the code in the look-up table (i.e., remote database) to determine from a respective information link (e.g., link to ticket/event information) whether or not information pertaining to an article of commerce associated with the code (information about the associated ticket/event) may be accessed via the communication network. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

31. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

32. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

33. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 10,600,101 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: April 30, 2021                                              Respectfully submitted,

**GAWTHROP GREENWOOD, PC**

*/s/ David W. deBruin*
David W. deBruin, Esq. (#4846)
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
Tel: (302) 777-5353
ddebruin@gawthrop.com

*Attorneys for Plaintiff*

Jay Johnson, Esquire
*(Pro Hac Vice Application Pending)*
State Bar No. 24067322
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com